UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:02-CR-68-R

UNITED STATES                                                                                           PLAINTIFF

v.

WILLIAM ANTHONY JOHNSON                                                              DEFENDANT

**MEMORANDUM OPINION**

Defendant William Anthony Johnson ("Johnson") has moved the Court to grant him a new trial, a new sentencing hearing, or a new evidentiary hearing (Docket # 377) seeking relief from his prior conviction. The prosecution has now responded (Docket # 385), and Johnson has replied to the response (Docket # 386). The matter is now ripe for adjudication. For the following reasons, Johnson's Motion for a new trial, a new sentencing hearing, or an evidentiary hearing is **DENIED**.

**BACKGROUND**

Johnson was prosecuted, along with codefendants David Dabney ("Dabney") and Christopher Stone ("Stone"), for various crimes centering around an enterprise to commit arson and the murder of Sher Bolter. Johnson was specifically charged with being a felon in possession of a firearm under Title 18, United States Code, Section 922(g)(1); violation of Title 18, United States Code, Section 1962 (c); and participation in and possession of a weapon used in the murder of Sher Bolter. Stone's trial on related matters was held from March 24, 2004, until April 3, 2004. Stone invoked the Fifth Amendment and refused to testify at his trial. Stone

1

was found guilty of violating the Racketeer Influenced and Corrupt Organizations Act ("RICO") and conspiring to violate RICO. Johnson's jury trial was held from April 14, 2004, until April 28, 2004. Johnson was convicted of violating RICO, conspiring to violate RICO, counterfeiting, and mail theft or receipt of stolen mail. Stone did not testify at this trial, nor was he called. During this time, after Stone's trial and before his sentencing, Stone was still cloaked under the protection of the Fifth Amendment.

Subsequently, both Stone and Johnson appealed their convictions. Stone also appealed his sentencing and restitution, while Johnson did not. The Court of Appeals affirmed both Stone's and Johnson's convictions. *U.S. v. Johnson*, 440 F.3d 832 (6th Cir. 2006). However, the Court granted Stone relief from his sentence under the mandate of *United States v. Booker*, 543 U.S. 220 (2005) since the prosecution failed to request a Special Verdict in the case. It is necessary to a RICO conviction and to RICO sentencing that the jury identify a defendant's participation in at least two criminal acts related to the enterprise. The identity of these acts is necessary to define any sentence longer than twenty (20) years. The jury convicted Stone of at least two of four acts, but did not identify which ones. The Court of Appeals found that, to properly impose a sentence of more than twenty (20) years on Stone, the jury would have had to respond to Special Verdicts determining Stone's guilt on several issues. *Johnson*, 440 F.3d at 847-48. Johnson was, of course, granted no such relief since he did not appeal the propriety of his sentencing. Furthermore, the Court of Appeals denied any relief to Johnson based on his claims that Stone's hearsay testimony was improperly admitted. The Court of Appeals found that Johnson waived any appeal based on Stone's availability and that such a claim would fail had it been brought before the Court. *Id.* at 846.

Having been unsuccessful on appeal, Johnson now brings his suit again before this Court. He bases his Motion for a New Trial primarily on claims that newly discovered evidence merits the vacation of this Court's previous ruling. Johnson cites the following as newly discovered evidence: the Sixth Circuit Court of Appeal's ruling that Special Verdicts were required to properly determine which alleged acts of the enterprise Stone was involved in; Johnson's erroneous interpretation that the Sixth Circuit has determined that Stone should be found not guilty; Johnson's speculation that the Sixth Circuit's ruling determines that Stone was available to testify at Johnson's trial; Johnson's allegation that the jurors at Johnson's trial should have been informed of the results of Special Verdicts which might have been given at Stone's trial; an alleged affidavit by Stone indicating that he would testify at Johnson's trial; testimony of Dabney's wife and John Parks; and an alleged finding by the Court of Appeals that the enterprise was not sufficiently long to impose RICO liability. The Court will discuss each issue in turn.

**STANDARD**

"On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require." *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003). Under Rule 33 of the Federal Rules of Criminal Procedure, a new trial is proper when a defendant shows the following: 1) the new evidence was discovered after trial; 2) the evidence could not have been discovered with due diligence; 3) the evidence is material and not merely cumulative or impeaching; and 4) the evidence would likely produce an acquittal. *United States v. Garcia*, 19

F.3d 1123, 1126 (6th Cir. 1994) (citing *United States v. Hawkins*, 969 F.2d 169, 175 (6th Cir. 1992)). Without all of the above factors, the grant of a new trial is improper. "Motions for a new trial based on newly discovered evidence are disfavored, and a trial court's decision not to grant a new trial will be affirmed unless it is a clear abuse of discretion." *Olender*, 338 F.3d at 635.

The Court must also be careful to distinguish between new evidence presented after trial and issues of law which should properly have been argued and preserved at trial and taken up on appeal. "[I]f an appeal is pending, the court may grant the motion [for a new trial] only on remand of the case." *Id.* "Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence. Evidence will not be deemed 'newly discovered' simply because it appears in a different light under a new theory." *Id.* at 635-36. "An attempt to relitigate the case on a new theory is not considered newly discovered evidence but is merely a newly discovered issue of law." *Id.* at 636.

Johnson also requests an evidentiary hearing to determine whether a new trial is proper. The Court may use its discretion in choosing whether to grant an evidentiary hearing on a motion for a new trial. *United States v. O'Dell*, 805 F.2d 637, 643 (6th Cir. 1986) (citing *United States v. Hoffa*, 382 F.2d 856, 866 (6th Cir. 1967) and *United States v. Metz*, 652 F.2d 478, 481 (5th Cir. 1981)). The Court should consider whether the original verdict rested on questionable or firm grounds and how substantial or minor any new evidence presented is. *Id.*

If a new trial is not granted, Johnson requests a resentencing hearing. Rule 35 of the Federal Rules of Criminal Procedure prohibits district courts from resentencing defendants except in limited circumstances. Rule 35(a) authorizes the sentencing court to correct technical

or clerical mistakes. A court is not authorized to resentence a defendant under Rule 35(a) because it has reconsidered the sentencing guidelines applied or changed its mind about the sentence. 3 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 585.2 (Supp. 1996). Under Rule 35(b), a court may reduce a defendant's sentence upon a motion by the government after the defendant has substantially assisted the government with another investigation. Rule 35 does not grant the district court any other authority to resentence a defendant.

## ANALYSIS

In considering all of Johnson's arguments for a new trial, the Court first notes that Johnson has already appealed his conviction. On appeal, the Sixth Circuit declined to reverse, remand, or vacate his conviction. Instead, the Sixth Circuit determined that, based on the evidence available at the appellate hearing, Johnson's conviction was proper and did not require further examination by the district court. *Johnson*, 440 F.3d 832. Therefore, because the case was not remanded, the Court may not grant a new trial based on evidence considered by the Court of Appeals. *See Olender*, 338 F.3d at 635. The Court now considers Johnson's arguments under that constraint.

**1.     Johnson's Arguments that Stone's Live Testimony is Newly Discovered Evidence**

In Johnson's trial, Stone did not testify. Instead, the prosecution presented statements Stone made to Curtis Hardin which incriminated Johnson, who was secretly recording the conversations for the prosecution. Clearly, the statements were hearsay, statements made out of

court and used for the truth of their underlying assertions. However, the district court admitted the statements under the hearsay exclusion under Rule 804(b)(3).[1] To admit testimony of a witness under Rule 804(b)(3), the Court must find that the witness was "unavailable." FED. R. EVID. 804(b)(3). A witness may be considered unavailable if he cannot testify at trial because he has invoked the Fifth Amendment right against self-incrimination. In this case, the prosecution considered Stone to be unavailable because he had invoked the Fifth Amendment right against self-incrimination in his recently concluded trial. Stone was still protected from testifying because his sentencing hearing had not yet been held. The Sixth Circuit Court of Appeals agreed that the admission of Stone's testimony was proper under both the rules of hearsay and under the Confrontation Clause. Furthermore, the Sixth Circuit held that Johnson did not sufficiently argue his challenge that Stone was available to testify on appeal; therefore, his argument that the hearsay should be excluded based on Stone's availability was waived. *Johnson*, 440 F.3d at 846. Despite the Sixth Circuit's ruling, the Court addresses each of Johnson's arguments regarding Stone's availability and testimony individually.

Johnson argues that new evidence shows that Stone should have testified and would have testified favorably to Johnson. First, Johnson argues that the Sixth Circuit ruled that Stone was actually not guilty. If Stone were found not guilty, he would have no need to assert his Fifth Amendment rights, and would not be unavailable. An examination of the Sixth Circuit's opinion, however, shows that they did not reverse Stone's conviction. Instead, they declared that while the jury had attributed enough acts within the enterprise to Stone to convict, they had not

---

[1] While the District Court did not make a specific ruling on this matter, the Sixth Circuit Court of Appeals agree that this was the proper basis for admission.

marked which ones. Thus, it follows that Stone would still have a sentencing hearing after Johnson's trial and would still likely assert his Fifth Amendment rights. Johnson's reliance on law which says that facts found in later proceedings might operate as newly discovered evidence is unavailing, as the Sixth Circuit did not find any facts which would assist Johnson. *See United States v. Garland,* 991 F.2d 328 (6th Cir. 1993) (relied upon heavily by Johnson in support of his Motion).

Johnson also claims that he possessed, at the time of trial, an affidavit from Stone stating that he would testify at Johnson's trial and the information he would testify regarding. Johnson has been unable to produce this affidavit and has not filed it with the Court. He has presented no other evidence supporting his contention that this affidavit even existed. In fact, if Johnson were relying on this affidavit and the information in it, he could presumably have called Stone as a witness instead of complaining that the government did not. While such an affidavit, if presented at the time of trial, might have secured Stone's position as a witness, it is not evidence which Stone discovered after the trial. Therefore, even if such an affidavit existed, it would not be newly discovered evidence.

Next, Johnson claims that Stone was only unavailable at trial because the government refused to grant him immunity. It is true that, had the government granted Stone immunity, he would no longer be unavailable because of the assertion of his Fifth Amendment rights. However, the government has no obligation to grant any person immunity simply because he or she might testify in another trial. *Heisler v. Caruso*, 165 F.3d 27 (6th Cir. 1998). Therefore, as affirmed by the Sixth Circuit Court of Appeals in *Johnson*, Stone was unavailable and his recorded testimony was properly admitted.

Johnson also claims that he was unable to call Stone as a witness because the government would impeach him with a prior conviction. Johnson claims that this would unfairly prejudice the jury against Stone, again maintaining that the Sixth Circuit found Stone should be declared not guilty. This argument fails. It is true that Johnson could have called Stone as a witness. However, it would be proper for the government to impeach Stone with the final judgment of the District Court convicting him. Significantly, if Johnson called Stone, the government might properly impeach his testimony with the very recorded testimony at issue. While this information would not be used substantively, it would still be before the jury.

It is clear that Johnson has shown the Court neither that Stone should have testified nor that he was available to testify at the time of trial. Assuming, *arguendo*, that Stone would have been able to testify at Johnson's trial, Johnson still does not present any newly discovered evidence meriting a new trial. He primarily presents new legal arguments, not new questions of fact. Johnson's claims that Stone was only unavailable because of the government's refusal to grant him immunity, that the government would improperly impeach any testimony Stone would give, and that Stone was not actually guilty and did not need the Fifth Amendment's privilege are solely new legal theories and not proper bases for a new trial. Johnson's claims that, at the time of trial, he had an affidavit indicating that Stone would testify favorably for the defense also cannot be newly discovered evidence. Johnson admits that, if the affidavit exists, he had discovered it by the time of his first trial and did not present it. Therefore, it is not newly discovered. Furthermore, it is unclear that this evidence would produce an acquittal; at best, if Stone did testify, many impeaching facts would weaken his testimony. Even then it is unclear whether he would testify strongly in Johnson's favor.

8

**2.     Johnson's Argument that Testimony of Other Witnesses is New Evidence**

Johnson also asserts that Mrs. Dabney and John Parks would testify in his favor at a new trial. Johnson presents no evidence that he could not have obtained their testimony at his previous trial. In fact, it seems clear that, with due diligence, he could have discovered Mrs. Dabney's and John Park's positions before his first trial and called them to the stand if their testimony was favorable to him. Johnson does not describe the proposed content of these witnesses' testimony. It is unclear whether the evidence would be merely cumulative or impeaching of other witnesses' testimony. Lastly, Johnson presents no evidence that Mrs. Dabney's and John Park's testimony would so drastically change the facts presented to a jury that it would likely cause an acquittal upon retrial. Since Johnson has not met his burden to satisfy all elements of Rule 33 as to Mrs. Dabney's and John Park's testimony, a new trial may not be granted on this basis.

**3.     Johnson's Argument that the Sixth Circuit Court of Appeal's Ruling is New Evidence**

Johnson correctly argues that findings of fact in a later trial may act as newly discovered evidence necessitating a new trial. *Garland*, 991 F.2d at 333. However, not all findings of fact or law from other trials operate as admissible evidence in a proceeding; rather, the Court may choose whether to judicially notice other rulings as evidence. *Id.* at 332-33. Even if the Court takes judicial notice of another ruling, the jury need not find it conclusive. *Id.* At 333.

Here, Johnson requests that the Court take judicial notice of Special Verdicts that were never presented to a jury. According to Johnson, if the prosecution had presented Special Verdicts in Stone's trial, the jury's findings on which acts Stone committed would be relevant to

9

Johnson's guilt or innocence. Specifically, Johnson suggests that the jury's determination on these Special Verdicts might establish that Stone was not complicit in acts of the conspiracy for a sufficient amount of time to establish a RICO violation. According to Johnson, if the jury in Stone's case made such a finding, the enterprise which Johnson was determined to be a part of would not exist for a sufficiently long time to establish Johnson's RICO violations since Stone would not be a member.

As discussed above, however, no such Special Verdicts were presented to the jury in Stone's trial. Instead, without defining which particular offenses Stone committed, the jury in Stone's trial determined that Stone was involved in the enterprise for a sufficient amount of time to establish an enterprise in violation of RICO. Therefore, even if the Court were to judicially notice the findings in Stone's case, Johnson would have been involved in an enterprise for a sufficient amount of time to support his RICO convictions. This evidence would in no way support Johnson's acquittal. This also does not merit a new trial under Rule 23.

**4.      Propriety of an Evidentiary Hearing or Resentencing Hearing**

The Court determines as a matter of law that Johnson has presented no evidence which could entitle him to a new trial. Furthermore, the Sixth Circuit's ruling affirms that Johnson's conviction rested on sturdy grounds. Therefore, an evidentiary hearing is unnecessary. The Court finds not only that a resentencing hearing is unnecessary, but that the Court has no power to grant it. Johnson's sentence was not affected by a clerical or technical error. Furthermore, Johnson has chosen not to appeal his sentence. Accordingly, this Court may grant him no relief from his conviction or sentence.

## CONCLUSION

For the above reasons, Johnson's Motion for a New Trial or a Resentencing Hearing is DENIED. An appropriate Order shall issue.