UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:02-CR-00068

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.

WILLIAM ANTHONY JOHNSON                                                          DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court upon several motions filed by Defendant William Anthony Johnson. The Court now considers Defendant's Motion to Reconsider Order Denying Motion for a New Trial (Docket #401); Motion for Return of Property (Docket #423); Motion for Reconsideration re Order on Motion to Vacate (Docket #426); Motions to Vacate (Docket #427, 451); Motion to Recuse (Docket #430); eight Motions to Supplement Motion to Vacate (Docket #433, 438, 445, 447, 448, 450, 456, 457); Motion to Treat Government's Failure to Contest Supplements as an Admission (Docket #449); and Motion for New Trial (Docket #451). The Government has responded (Docket #403, 425, 428, 434, 452) and Defendant has replied (Docket #404, 431, 432, 437). This matter is now ripe for adjudication. For the reasons that follow, Defendant's motions are DENIED.

**BACKGROUND**

Defendant William Anthony Johnson was prosecuted along with codefendants David W. Dabney, Sr. ("Dabney") and Christopher L. Stone ("Stone") for various crimes stemming from a criminal enterprise to commit arson and murder. Defendant and Stone were tried separately. Dabney pled guilty and testified at both trials.

Stone invoked the Fifth Amendment and refused to testify at his trial. A jury found him guilty of racketeering and conspiracy to participate in a criminal enterprise involved in

racketeering. A separate jury found Defendant guilty of racketeering, conspiracy to participate in a criminal enterprise involved in racketeering, uttering counterfeit obligations, and theft or receipt of stolen mail matter. Defendant also pled guilty to three firearm and ammunition-related counts. Stone did not testify at Defendant's trial, nor was he called to testify. After Stone's trial and before his sentencing, Stone remained cloaked by the protection of the Fifth Amendment.

Both Stone and Defendant appealed their convictions. Stone also appealed his sentence and restitution; Defendant did not. The Sixth Circuit affirmed both Stone and Defendant's convictions. *United States v. Johnson*, 440 F.3d 832 (6th Cir. 2006). However, the Sixth Circuit granted Stone relief from his sentence under *United States v. Booker*, 543 U.S. 220 (2005). *Id.* at 847-50. Defendant was not granted the same relief because he did not appeal his sentence. The Sixth Circuit also denied any relief to Defendant based on his claim that Stone's testimony was improperly admitted. *Id.* at 846.

On remand, Stone received a sentence of twenty years. Defendant is currently serving a life sentence on the racketeering charges and concurrent, lesser sentences on the remaining offenses. On December 19, 2006, the Court denied Defendant's motion for a new trial. On April 7, 2008, the Court adopted the Report and Recommendation of the Magistrate Judge and denied Defendant's petition for relief under 28 U.S.C. § 2255. Defendant now moves, pro se, requesting various forms of relief. The Court will address each of these motions in turn.

## ANALYSIS

**I.      Motion to Reconsider Denial of Rule 33 Motion for a New Trial**

A motion to reconsider the denial of a Rule 33 motion for a new trial must be filed within the ten days that are allotted for the filing of an appeal from a Rule 33 order. *Savage v. United*

*States*, 25 F. App'x 280, 281 (6th Cir. 2001) (citing *United States v. Farley*, 72 F.3d 158, 162 (D.C. Cir. 1995)). The Court's Rule 33 Order denying Defendant's motion for a new trial was issued on December 19, 2006. To be considered timely, Defendant would have had to file his motion by January 4, 2007. *See* Fed. R. Civ. P. 6(a). Defendant filed his motion to reconsider on January 8, 2007. Because Defendant's motion was untimely filed, the Court lacks jurisdiction over it. *Id.*; *see also United States v. Ramirez*, 954 F.2d 1035, 1038 (5th Cir. 1992). For this reason, the Court denies Defendant's motion to reconsider.

## II.     Motion for Return of Seized Property

Defendant moves pursuant to Rule 41(g) for the return of multiple items and documents seized from various locations by law enforcement officials during what Defendant contends were unlawful searches.

Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated." *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir. 1982) (quoting *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir. 1977)). "However, the person seeking return of property must show that they are lawfully entitled to possess it." *United States v. Headley*, 50 F. App'x 266, 267 (6th Cir. 2002). "When the government has a 'continuing interest' in the property, the property does not have to be returned." *United States v. Popham*, 382 F. Supp. 2d 942, 955 (E.D. Mich. 2005) (citing *United States v. Francis*, 646 F.2d 251, 263 (6th Cir. 1981)). "The court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g).

Defendant seeks the return of items and documents seized on June 10, 2000 at Sarah Hadley's residence in Bullitt County, Kentucky and on November 7 and 9, 2001 at Defendant's residence at 2535 Burton Road, Utica, Kentucky. The Government responds that these items and documents were lawfully seized. Therefore, the Government argues that Rule 41(g) is inapplicable.

Rule 41(g) states that "[a] person aggrieved by an unlawful search and seizure of property *or by the deprivation of property* may move for the property's return." Fed. R. Crim. P. 41(g) (emphasis added). The lawfulness of the searches and seizures alone is not determinative of Defendant's right to recovery the property. *United States v. Smith*, Nos. 07-2732, 08-1993, 08-1994, 2009 WL 1175515, at *1 (8th Cir. May 4, 2009). Therefore, Rule 41(g) applies even where items were lawfully seized. However, Defendant has failed to identify with any specificity the items and documents seized at these particular residences. Defendant moves for the return of jewelry, watches, rings, bracelets, necklaces, and gold but fails to adequately describe these items or provide the specific locations where they were seized. Furthermore, the Government responds that many of the items removed from the Burton Road residence are believed to be stolen.

Defendant has failed to specify with any certainty the items he seeks to have returned, nor has he offered any evidence to demonstrate his lawful possession of them. For these reasons, the Court cannot grant Defendant's motion at this time. However, Defendant is free to renew his motion upon providing more information regarding the specific items he seeks to have returned from these residences.

Defendant seeks the return of items seized on July 15, 1999 at Defendant's residence at

4926 Daleray Drive, Louisville, Kentucky. The Government responds that these items were seized by the Louisville Metro Police Department and although they were temporarily in the possession and custody of the FBI, they were returned to the Louisville Metro Police Department in 2003. A motion to return property should be denied where the government does not possess a defendant's property and therefore cannot return it. *United States v. White*, 718 F.2d 260, 261 (8th Cir. 1983); *cf. United States v. Obi*, 100 F. App'x 498 (6th Cir. 2004). Because the Government does not possess the property seized at Defendant's Daleray Drive residence, the Court cannot grant Defendant's requested relief.

Defendant seeks the return of items seized, including a Cadillac, on September 29, 2000 at 2100 Douglas Boulevard, Louisville, Kentucky. The Government responds that it did not participate in, nor it is aware of any search and seizure taking place at 2100 Douglas Boulevard on September 29, 2000. The Government asserts that the FBI did execute a search warrant on March 9, 2001 at 2100 Douglas Boulevard during which one box of legal documents was seized. Defendant has not moved for the return of any legal documents. Where "[t]here is no evidence of record to show that the property in question was ever in the possession of the federal government," a motion to return property must be denied. *Obi*, 100 F. App'x at *1. Accordingly, the Court cannot grant Defendant's requested relief.

Defendant seeks the return of items seized in January 2003 at 2220 Dorothy Avenue, Louisville, Kentucky. The Government responds that the FBI and Louisville Metro Police Department executed a search warrant at 2220 Dorothy Avenue on March 9, 2001, during which the following items were seized: one outside storm door, lead fragments from a bullet, and a subpoena issued from Jefferson District Court for the appearance of Sher Bolter. The

5

Government argues that Defendant has not shown that any of these items belong to him. Because Defendant has not moved for this property to be returned to him, nor has he shown that it belongs to him, the Court cannot grant Defendant's requested relief.

Defendant seeks the return of a Mossberg shotgun seized from his farm on Mell Road in Adair County, Kentucky on January 24, 2001. As a convicted felon, Defendant is prevented from possessing guns and ammunition. *Headley*, 50 F. App'x at 267. "This prohibition is against both actual and constructive possession, including a prohibition against allowing the firearms to be held in trust for a convicted felon by a third-party." *Id.* The Court finds that because Defendant is a convicted felon, the Mossberg shotgun cannot be returned to him, nor can any other seized firearms be returned to him or held in trust for him by a third party.

Defendant seeks the return of a $100 counterfeit bill and approximately $500 in cash seized from a vehicle operated by Defendant at a traffic stop on December 28, 2000. The Government responds that the counterfeit bill has been turned over to the Secret Service. The Government does not address the $500 in cash. The counterfeit bill is contraband and cannot be returned to Plaintiff. *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir. 1977). There is no evidence before the Court, other than Defendant's assertion, that $500 in cash was seized at the traffic stop on December 28, 2000. For this reasons, the Court cannot grant Defendant's requested relief at this time. However, Defendant is free to renew his motion upon providing evidence that he possessed $500 in cash that was seized at the traffic stop on December 28, 2000.

Finally, Defendant seeks the return of items seized on August 25, 2001 at 9329 Villa Fair, Louisville, Kentucky and in the summer of 2001 at Mill Street, Hansen, Kentucky. The

Government responds that it is not in possession of any items from these premises. Because there is no evidence before the Court that the Government was ever in possession of items seized at these locations, the Court cannot grant Defendant's requested relief.

For these reasons, the Court denies Defendant's motion to return property.

### III.   Motion to Reconsider and Vacate the Court's April 7, 2008 Order

Defendant moves the Court to reconsider and vacate its April 7, 2008 Order denying Defendant's petition for relief under 28 U.S.C. § 2255. Defendant moves pursuant to Federal Rule of Civil Procedure 59(e), arguing that under Rule 56(c) the Court was required to wait at least ten days following the filing of the Government's reply brief before making its ruling in regard to his § 2255 petition. Plaintiff also reargues the merits of his § 2255 petition and requests a hearing on his ineffective assistance of counsel claims.

Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) motions are not subject to the statutory limitations placed on successive collateral attacks on criminal judgments." *Howard v. United States*, 533 F.3d 472, 474 (6th Cir. 2008). However, Rule 59(e) motions must be timely filed. *Id.* at 475.

The Court issued its Order denying Defendant's petition for relief under 28 U.S.C. § 2255 on April 7, 2008. To be considered timely, Defendant would have had to file his motion by April 21, 2008. *See* Fed. R. Civ. P. 6(a). Defendant filed his motion with the Court on April 24, 2008. Because the motion was untimely filed, the Court denies Defendant's motion to reconsider.

### IV.   Motion to Vacate Judgement of April 7, 2008

This motion is similar to the previous motion in that Defendant moves to vacate and set aside the Court's April 7, 2008 Order, arguing that under Rule 56(c) the Court was required to wait at least ten days following the filing of the Government's reply brief before making its ruling in regard to his § 2255 petition. The differences between this motion and the previous one are that, procedurally, Defendant did not file this motion pursuant to Federal Rule of Civil Procedure 59(e), and, substantively, Defendant does not reargue the merits of his § 2255 petition.

The Court construes Defendant's motion as a motion to alter or amend under Rule 59(e). Again, Defendant's motion is untimely filed. However, even if it were timely filed, Defendant's motion would be without merit for the following reasons.

Rule 56(c) provides that a motion for summary judgment "must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day." Fed. R. Civ. P. 56(c). "Noncompliance with the time provision of the rule deprives the court of authority to grant summary judgment." *Kistner v. Califano*, 579 F.2d 1004, 1006 (6th Cir. 1978) (citing *Adams v. Campbell County Sch. Dist.*, 483 F.2d 1351 (10th Cir. 1973)).

Defendant argues that Rule 56(c) requires a district court to wait at least ten days after the filing of the opposing party's reply brief before issuing a summary judgment opinion. In this case, the Government filed its response to Defendant's objections on March 31, 2008. Five days later, on April 7, 2008, the Court adopted the Report and Recommendation of the Magistrate Judge denying Defendant's request for relief under 28 U.S.C. § 2255. Therefore, Defendant argues the Court must vacate and set-aside the April 7, 2008 Order as prematurely decided.

Defendant's argument fails for several reasons. First, Rule 56(c) does not require a

district court to wait at least ten days after the filing of the opposing party's reply brief before issuing its summary judgment opinion. Rather, Rule 56(c) requires that a motion for summary judgment be served at least ten days before the day set for hearing. Fed. R. Civ. P. 56(c). Rule 56(c) does not restrict the time frame during which a district court can issue its opinion.

Second, the Federal Rules of Civil Procedure apply to habeas petitions only "to the extent that they are not inconsistent" with the statutory provisions governing habeas petitions or the rules that accompany them. Rules Governing § 2255 Proceedings, Rule 12. Rules 3 and 5 proscribe the procedure for obtaining relief under a § 2255 petition. *See* Rules Governing § 2255 Proceedings, Rule 3(c), 5. Under these rules, there is no requirement that the district court wait a certain length of time before rendering its opinion. *Id.* Because these rules, and not the Federal Rules of Civil Procedure, proscribe the time requirements concerning habeas petitions, Defendant cannot rely on Rule 56(c) in this matter.

For these reasons, the Court denies the motion to vacate as untimely filed. However, even if Defendant's motion were timely filed, the Court finds that it would be without merit.

**V.     Motion to Treat the Government's Failure to Contest Supplements as an Admission**

Defendant has filed eight separate motions seeking to supplement his motion to vacate the Court's April 7, 2008 Order. The Government did not respond to these supplements. Defendant then filed a motion "to Treat the Government's Failure to Contest Petitioner's Supplements, as an Admission, Thus Entitling Movant to an Evidentiary Hearing, or a New Trial." The Government has responded to this motion.

In his motions to supplement, Defendant presents new arguments for why his § 2255 petition should be granted. The Government argues that these motions appear in effect to be

second or successive motions for relief under 28 U.S.C. § 2255. The Court agrees.

"[W]hen a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to [the Sixth Circuit Court of Appeals] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Defendant has not sought permission pursuant to 28 U.S.C. § 2244(b)(3) from the district court in this case. Because Defendant's supplements amount to second or successive petitions for habeas corpus relief, the Court finds that they must be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Defendant's supplements are not properly before the Court. The law does not support Defendant's argument that he is entitled to a hearing regarding these matters. For these reasons, the Court denies Defendant's motion to treat the Government's failure to contest supplements as an admission.

## VI.     Motion to Vacate or for New Trial

Defendant moves the Court to vacate and set-aside his conviction under the Due Process Clause. Defendant argues that the time for adjudicating his pending post-conviction motions has elapsed and that the delay has jeopardized his right to appeal.

Defendant's motion is not properly before the Court. Even if it were, Defendant's motion is without merit. Defendant is correct that "the Due Process Clause embraces some minimum expectation of a reasonably timely appeal." 94 F.3d 204, 207 (6th Cir. 1996). However, in this case there was no delay in the direct appellate process. Defendant timely appealed his conviction and the Sixth Circuit rendered a decision in regard to it. *See United*

10

*States v. Johnson*, 440 F.3d 832 (6th Cir. 2006). It is unclear whether the same guarantee of timely process extends to Defendant's post-conviction motions. *United States v. Gray*, 52 F. App'x 650, 653-43 (6th Cir. 2002). In any event, Defendant has not shown that he has been prejudiced in any way by the delay. *Id.* at 654. For these reasons, the Court denies Defendant's motion to vacate or for new trial.

**VII. Motion to Recuse**

Defendant moves for recusal pursuant to 28 U.S.C. §§ 144, 455(a). Defendant argues that the Court, having presided over the trials of both Stone and Defendant, relied on the outcome of Stone's trial to admit a tape recording during Defendant's trial. Defendant argues that the tape recording was hearsay under Federal Rule of Evidence 804(b)(3) and inadmissible under Rule 609. Defendant argues that the Court relied on its impressions of the Stone trial and its personal belief that Defendant was guilty in making its ruling that the tape recording was admissible. Defendant also argues that the Court's denial of his evidentiary hearing request regarding his habeas petition was partial because the Court adopted the findings of the Magistrate Judge without comment.

Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A motion for recusal should be accompanied by an affidavit setting forth the allegations of bias or prejudice. 18 U.S.C. § 144. No affidavit was filed in this case. However, even ignoring the affidavit requirement, Defendant is not entitled to recusal.

A federal judge must recuse himself "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899

11

F.2d 1495, 1501 (6th Cir. 1990). The prejudice or bias must be personal or extrajudicial in order to justify recusal. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).

> "Personal" bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. Personal bias arises out of the judge's background and associations. The critical test is whether the alleged bias "stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case."

*Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir. 1989) (internal citations omitted).

In his motion, Defendant reargues the merits of the Court's prior rulings. He argues that these rulings provide the basis for the Court's partiality. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required [ ] when no extrajudicial source is involved." *Id.* Defendant has provided no evidence demonstrating that the Court's rulings were based on an extrajudicial source or personal bias. Therefore, the Court denies Defendant's motion to recuse.

## CONCLUSION

For the foregoing reasons, Defendant's motions are DENIED.

An appropriate order shall issue.