**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO.: 3:02-CR-00068**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**v.**

**WILLIAM ANTHONY JOHNSON**                                        **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the Court upon Defendant's motions: (1) Motion for Relief from Mistake; Motion for Relief from Order, Due to Mistake; and/or Motion to Reconsider Order of August 3, 2009 (Docket #464); (2) Motion to Correct Mistake and/or Motion to Reconsider Order of August 3, 2009 (Docket #465); (3) Motion to Reconsider Denial of Motion to Return Property Entered August 3, 2009 (Docket #466). The Government responded to Defendant's second (Docket #469) and third motions (Docket #470). Defendant did not reply. For the following reasons, Defendant's motions are GRANTED in part and DENIED in part.

**BACKGROUND**

Defendant William Anthony Johnson was prosecuted along with codefendants David W. Dabney, Sr. ("Dabney") and Christopher L. Stone ("Stone") for various crimes stemming from a criminal enterprise to commit arson and murder. Defendant and Stone were tried separately. Dabney pled guilty and testified at both trials.

Stone invoked the Fifth Amendment and refused to testify at his trial. A jury found him guilty of racketeering and conspiracy to participate in a criminal enterprise involved in racketeering. A separate jury found Defendant guilty of racketeering, conspiracy to participate in a criminal enterprise involved in racketeering, uttering counterfeit obligations, and theft or

receipt of stolen mail matter. Defendant also pled guilty to three firearm and ammunition-related counts. Stone did not testify at Defendant's trial, nor was he called to testify. After Stone's trial and before his sentencing, Stone remained cloaked by the protection of the Fifth Amendment. Both Stone and Defendant appealed their convictions. Stone also appealed his sentence and restitution; Defendant did not. The Sixth Circuit affirmed both Stone and Defendant's convictions. *United States v. Johnson*, 440 F.3d 832 (6th Cir. 2006). However, the Sixth Circuit granted Stone relief from his sentence under *United States v. Booker*, 543 U.S. 220 (2005). *Id.* at 847-50. Defendant was not granted the same relief because he did not appeal his sentence. The Sixth Circuit also denied any relief to Defendant based on his claim that Stone's testimony was improperly admitted. *Id.* at 846.

On remand, Stone received a sentence of twenty years. Defendant is currently serving a life sentence on the racketeering charges and concurrent, lesser sentences on the remaining offenses. On December 19, 2006, the Court denied Defendant's motion for a new trial. On April 7, 2008, the Court adopted the Report and Recommendation of the Magistrate Judge and denied Defendant's petition for relief under 28 U.S.C. § 2255.

On August 3, 2009, the Court issued an order denying several motions by Defendant: Motion to Reconsider Order Denying Motion for a New Trial; Motion for Return of Property; Motion for Reconsideration re Order on Motion to Vacate; Motions to Vacate; Motion to Recuse; Motion to Treat Government's Failure to Contest Supplements as an Admission; Motion to Vacate or for New Trial. Defendant now moves, pro se, for various forms of relief based on this order. The Court will address each of these motions in turn.

## DISCUSSION

**I.  Motion to Reconsider Order of August 3, 2009 Denying Defendant's Motion to Reconsider the Denial of a Rule 33 Motion for a New Trial**

Defendant's motion asserts that the Court should reconsider its denial of Defendant's prior motion to reconsider the denial of a Rule 33 motion for a new trial. The Court ruled in its order dated August 3, 2009, that Defendant's motion was not timely filed. The Court's Rule 33 Order denying Defendant's motion for a new trial was issued on December 19, 2006. In order to be considered timely, Defendant would have had to file his motion by January 4, 2007. Defendant's motion to reconsider was not filed until January 8, 2007.

Defendant directs the Court to *Houston v. Lack*, 487 U.S. 266 (1988), and the "prison mailbox rule" established in that case. In *Houston*, the Supreme Court held that a pro se prisoner's motion is "filed" at the time it is delivered to prison officials for mailing to the Court. *Id.* at 276. Focusing on the motion's stamp date "overlooks the 'prison mailbox rule.'" *Brand v. Motley*, 526 F.3d 921 (6th Cir. 2008). Absent contrary evidence, the "handing-over" occurs on the date the motion was signed. *Id.* at 925 (internal citation omitted).

Defendant's motion was stamped as filed on January 8, 2007. Defendant contends that he placed his motion in the prison's legal mail depository on January 3, 2007. According to Defendant's certificate and service at the end of his motion, the motion was delivered to the prison mail depository on January 3, 2007. In addition, the attached envelope indicates that the letter was processed by the U.S. Penitentiary in Terre Haute on January 3. Defendant's motion is considered timely if filed by January 4, 2007. Because the prison mailbox rule applies, Defendant's motion was filed on January 3, 2007, and is considered by this Court to be timely filed. Therefore, Defendant's motion is granted, and in the interests of justice, the Court will

now reconsider Defendant's Motion to Reconsider Denial of Rule 33 Motion for a New Trial (Docket #401).

The Court cited the standard for a new trial in its December 19, 2006, opinion. "On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require." *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003). Under Rule 33 of the Federal Rules of Criminal Procedure, a new trial is proper when a defendant shows the following: 1) the new evidence was discovered after trial; 2) the new evidence could not have been discovered with due diligence; 3) the evidence is material and not merely cumulative or impeaching; and 4) the evidence could likely produce an acquittal. *United States v. Garcia*, 19 F.3d 1123, 1126 (6th Cir. 1994) (citing *United States v. Hawkins*, 969 F.2d 169, 175 (6th Cir. 1992)). Without all of the above factors, the grant of a new trial is improper. "Motions for a new trial based on newly discovered evidence are disfavored, and a trial court's decision not to grant a new trial will be affirmed unless it is a clear abuse of discretion." *Olender*, 338 F.3d at 635.

The Court must also be careful to distinguish between new evidence presented after trial and issues of law which should properly have been argued and preserved at trial and taken up on appeal. "[I]f an appeal is pending, the court may grant the motion [for a new trial] only on remand of the case." *Id.* "Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence. Evidence will not be deemed 'newly discovered' simply because it appears in a different light under a new theory." *Id.* at 635-36. "An attempt to relitigate the case on a new theory is not considered newly discovered evidence but is merely a newly discovered issue of law." *Id.* at 636.

4

In its December 19, 2006 Opinion, the Court denied Defendant's motion for a new trial on the grounds that Defendant had not presented any new evidence which could entitle him to a new trial. Defendant's proposed new evidence consisted of the following with regards to co-defendant Christopher Stone: evidence that the Sixth Circuit found Stone not guilty, an affidavit from Stone that he would testify at Johnson's trial, the refusal of the government to grant Stone immunity, and the possibility of government impeachment of Stone were Johnson to call him as a witness. The Court found that the Sixth Circuit had not found Stone not guilty, but instead the jury had failed to mark which acts within the enterprise were used to convict Stone. Further, the Court found that Defendant had not produced Stone's affidavit, and even if he had, he admitted that the affidavit existed prior to the time of his first trial. The Court also found that the refusal by the government to grant Stone immunity and the possibility of government impeachment of Stone were both proper and lawful possibilities. Finally, the Court acknowledged that even if Stone would have been able to testify at trial, Defendant presented only new legal arguments, not any newly discovered evidence.

Defendant also asserted that the Court should take judicial notice of Special Verdicts that were never presented to the jury in Stone's trial. Defendant argued that the jury's determinations on those Special Verdicts might have established that Stone was not complicit in acts of the conspiracy for a sufficient amount of time to establish a RICO violation, and therefore the enterprise in which Defendant was determined to be a part of would not exist long enough to establish Defendant's RICO violations. The Court found that despite the fact that no Special Verdicts were presented to the jury, the jury found that Stone was involved in the enterprise for a sufficient amount of time to establish an enterprise in violation of RICO. Therefore, judicial

notice of the findings in Stone's case would not support Defendant's acquittal.

In Defendant's motion to reconsider, he attaches Stone's affidavits and argues that they were not executed until October and November of 2003, nearly six months after his jury trial in April of 2003. Defendant argues that these affidavits reveal that prosecutors misrepresented Stone's unavailability to Defendant. Defendant also argues in his motion to reconsider that even if the Court continues to find that Stone's affidavits are insufficient for a new trial, he is still entitled to a new sentencing.

The Court has reviewed Stone's affidavits from October and November and finds that, even if Stone's testimony at Defendant's trial would have been beneficial to Defendant, there is no reason to believe that these letters constitute newly discovered evidence. Stone was a known potential witness, and there was nothing to prohibit Defendant from seeking out a statement from him prior to the first trial. Therefore, the evidence could have been discovered with due diligence. There are certainly no exceptional circumstances presented by these affidavits that warrant granting a new trial.

Defendant also argues that he is entitled to a new sentencing hearing because of the United States Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004). This decision was published on June 24, 2004; five months after Defendant's sentencing hearing. *Blakely* held that a judge exceeds his authority when he "inflicts punishment that the jury's verdict alone does not allow . . . ." 542 U.S. at 303. Defendant argues that the Court has exceeded its authority by imposing a life sentence which exceeds the statutory maximum sentence charged in the indictment. Defendant points out that the indictment used to convict him never referenced 18 U.S.C. § 1963, only 18 U.S.C. § 1962. Section 1963 sets the penalties for a

violation of Section 1962. Section 1963 provides "[w]hoever violates any provision of section 1962 of this chapter shall be fined under this title or imprisoned not more than 20 years (or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment), or both . . . ." 18 U.S.C. § 1963(a). Defendant argues that because Section 1963 was not included in the indictment and was not before the jury, the Court could not give him a sentence of life imprisonment.

A district court is extremely limited in its ability to reduce a defendant's sentence. *United States v. Houston*, 529 F.3d 743, 748-49 (6th Cir. 2008). "The court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . . ." 18 U.S.C. §3582(c). Under Federal Rule of Criminal Procedure 35, the Court may only correct a sentence that resulted from a technical error, or upon the motion of the government to reduce the sentence because of a defendant's substantial assistance to the government. Fed. R. Crim. P. 35. None of these factors are present in Defendant's case, and the Court can therefore not reconsider Defendant's sentence.

**II.    Motion to Reconsider Order of August 3, 2009 Denying Defendant's Motion to Reconsider and Vacate the Court's April 7, 2008 Order Denying Defendant's Petition for Relief under 28 U.S.C. § 2255**

Defendant's motion asserts that the Court should reconsider its denial of Defendant's prior motion to reconsider and/or vacate the Court's April 7, 2008, order denying Defendant's petition for relief under 28 U.S.C. § 2255. The Court ruled in its order dated August 3, 2009, that Defendant's motions were not timely filed. The Court's Order denying Defendant's petition

for relief under 28 U.S.C. § 2255 was issued on April 7, 2008. In order to be considered timely, Defendant would have had to file his motions by April 21, 2008. Defendant's motions to reconsider were not filed until April 24, 2008.

Again, Defendant directs the Court to the prison mailbox rule originally established in *Houston v. Lack*, 487 U.S. 266 (1988). "Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (internal citation omitted). According to the certificate and service at the end of Defendant's motions, the motions were signed on April 21, 2008. There is no evidence to the contrary that would cause the Court to refute the assumption that the prisoner handed over this mail to prison authorities on April 21, 2008.

Defendant's motion is considered timely if filed by April 21, 2008. Because the prison mailbox rule applies, Defendant's motion is considered by this Court to be timely filed. Therefore, Defendant's motion is granted, and in the interests of justice, the Court will now reconsider Defendant's Motion to Reconsider the Judgment of April 7, 2008 (Docket # 426) and Defendant's Motion to Vacate Judgment of April 7, 2008. (Docket #427).

This Court adopted the Report and Recommendations of Magistrate Judge James D. Moyer on April 7, 2008. The Order denied Defendant's motion for habeas relief. In his motion Defendant argued that his conviction should be set aside based on ineffective assistance of counsel. The Report and Recommendations laid out the standard for establishing an ineffective assistance of counsel claim, as stated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show two essential elements: that counsel's performance

was deficient and that the deficiency prejudiced the defense to such a degree that the trial result is unreliable or considered to be unfair. *Id.* at 686. *Strickland* establishes a difficult standard for Defendant to meet, since Defendant must satisfy both prongs, and there is a strong presumption that decisions made by counsel were reasonable. *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004).

Defendant argued in his original motion to vacate that his trial and appellate counsel were ineffective since they failed to raise a *Booker* defense so that, like Stone, Defendant would have been entitled to re-sentencing. The Magistrate found that Defendant's case differed from Stone's in that Defendant was found guilty of sufficient acts to support a life sentence, and the *Booker* defense was inapplicable. Counsel's performance could not be considered ineffective for failure to raise a non-meritorious defense. Defendant also argued that counsel's performance was ineffective because trial counsel failed to challenge the sufficiency of the indictment; to request jury instructions for aiding and abetting, complicity, a lesser included homicide defense, or an alibi defense; to object to Hardin's testimony of uncharged crimes; to prevail on motions to suppress; and to interview or call certain prosecution or other witnesses. The Magistrate concluded there was no merit to these claims.

First, Defendant asks the Court to vacate its April 7, 2008, order on the basis that it was entered prematurely. Defendant contends that the order was entered less than ten days following the filing of the government's response motion. Defendant asks the Court to construe the government's response as a motion for summary judgment under Federal Rule of Civil Procedure 56. Defendant asserts that Rule 56 requires the Court to wait at least ten days before issuing summary judgment. The portion of Rule 56 that Defendant references refers to the need

9

for notice of the summary judgment motion to be given to the opposing party at least ten days prior to a hearing on the summary judgment motion. Fed. R. Civ. P. 56(c).

The Court does not construe the government's response as a motion for summary judgment. The government was responding to Defendant's objections to the Magistrate's Report and Recommendations. At the time the government entered its response, Defendant's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 had already been recommended for denial. Defendant was given an opportunity to object to the Magistrate Judge's report, which he did. The government's response served to refute Defendant's objections; it was not a new motion for summary judgment. Therefore, Defendant's motion to vacate the Court's April 7, 2008, order is denied.

Next, Defendant asks us to reconsider the judgment on his motion for relief under 28 U.S.C. § 2255. Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

Defendant offers the same arguments that were before the Magistrate Judge when he issued his report and recommendations. Defendant argues profusely that his attorneys should

have raised *Booker* and *Blakely* so that he would be entitled to a re-sentencing. However, as the Magistrate Judge noted in his opinion, raising a *Booker* argument would have been futile. Defendant has failed to present any new evidence or applicable new case law since his appeal. The Court finds that Defendant has failed to demonstrate "exceptional circumstances" to warrant any judicial relief under a motion to reconsider. Therefore, the motion is denied.

**III.     Motion to Reconsider Denial of Motion to Return Seized Property**

Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated." *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir. 1982) (quoting *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir. 1977)). "However, the person seeking return of property must show that they are lawfully entitled to possess it." *United States v. Headley*, 50 F. App'x 266, 267 (6th Cir. 2002). "When the government has a 'continuing interest' in the property, the property does not have to be returned." *United States v. Popham*, 382 F. Supp. 2d 942, 955 (E.D. Mich. 2005) (citing *United States v. Francis*, 646 F.2d 251, 263 (6th Cir. 1981)). "The court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g).

Defendant moves this Court to reconsider its denial of his motion to return property. In its August 3, 2009 Opinion, the Court denied Defendant's motion after finding that Defendant had "failed to specify with any certainty the items he seeks to have returned, nor has he offered any evidence to demonstrate his lawful possession of them." The Court invited Defendant to renew his motion upon providing additional information. The Court also found that items seized

from Defendant's residence could not be returned because the government no longer possessed those items. Defendant now argues that the Court should have conducted an evidentiary hearing prior to denying his motion, and that the Court has incorrectly placed the burden on Defendant. Defendant also argues that he is entitled to the firearms because ownership by ex-felons is not prohibited, only possession.

Defendant must first demonstrate that he has a sufficient property interest to demand return of the items. *Sovereign News Co.*, 690 F.2d at 577. "Where the former defendant in criminal proceedings can show a property interest in the [items], the government must return them." *Id.* Defendant still has not produced any evidence that the items he seeks are rightfully his. Only after Defendant has established his property interest must the government then return the items or offer a legitimate reason for keeping the property.

The Court addressed Defendant's argument as to the firearms in its prior opinion. The Court found that Sixth Circuit case law prevents Defendant from possessing guns and ammunition, and that this includes actual and constructive possession. This would include having the firearm held in trust for Defendant by a third party. If Defendant is the owner and these firearms are returned, Defendant would be constructively presumed to be in possession. Therefore, Defendant is not entitled to return of any firearms.

As to the items taken from Defendant's residence, the government claims these items were returned to the Louisville Metro Police Department in 2003. The government has offered nothing more than a bare assertion that the evidence was temporarily in the custody of the FBI but was returned to the Louisville Metro Police Department. "The government must do more than state, without documentary support, that it no longer possesses the property at issue."

12

*United States v. Chambers*, 192 F.3d 374, 377-78 (3d Cir. 1999). In *United States v. White*, which the Court cited in its August 3, 2009, opinion, the Eighth Circuit held that "since the government does not possess White's property, it cannot return his property . . . ." 718 F.2d 260, 261 (8th Cir. 1983). However, in *White*, the government attached documentation tracking possession of the items at issue. *Id.* There is no such documentation available to the Court here. Likewise, in *United States v. Obi*, the Sixth Circuit held that the denial of Obi's motion for return of property was proper because there was no evidence to show that the federal government ever possessed the item at issue. 100 Fed. App'x 498, 499 (6th Cir. 2004). Here, the government has admitted to possession of the property at one time. Therefore, the Court finds that the government must provide some form of documentation to the Court demonstrating that they no longer possess the items Defendant seeks from his residence.

## CONCLUSION

For the foregoing reasons, Defendant's Motions to Reconsider are GRANTED IN PART and DENIED IN PART.

An appropriate order shall issue.