UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:02-CR-00068

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

v.

**WILLIAM ANTHONY JOHNSON**                                          **DEFENDANT**

**MEMORANDUM OPINION**

This matter is before the Court upon Defendant's Motion to Reconsider/Amend Denial of Motion to Vacate Judgment of Conviction by Order Entered January 21, 2010 (Docket #478). The government has responded (Docket #480). Defendant has not replied. This matter is now ripe for adjudication. For the following reasons, Defendant's Motion to Reconsider is DENIED.

**BACKGROUND**

Defendant William Anthony Johnson was prosecuted along with codefendants David W. Dabney, Sr. ("Dabney") and Christopher L. Stone ("Stone") for various crimes stemming from a criminal enterprise to commit arson and murder. Defendant and Stone were tried separately. Dabney pled guilty and testified at both trials.

Stone invoked the Fifth Amendment and refused to testify at his trial. A jury found him guilty of racketeering and conspiracy to participate in a criminal enterprise involved in racketeering. A separate jury found Defendant guilty of racketeering, conspiracy to participate in a criminal enterprise involved in racketeering, uttering counterfeit obligations, and theft or receipt of stolen mail matter. Defendant also pled guilty to three firearm and ammunition-related counts. Stone did not testify at Defendant's trial, nor was he called to testify. After Stone's trial and before his sentencing, Stone remained cloaked by the protection of the Fifth Amendment. Both Stone and Defendant appealed their convictions. Stone also appealed his sentence

and restitution; Defendant did not. The Sixth Circuit affirmed both Stone and Defendant's convictions. *United States v. Johnson*, 440 F.3d 832 (6th Cir. 2006). However, the Sixth Circuit granted Stone relief from his sentence under *United States v. Booker*, 543 U.S. 220 (2005). *Id.* at 847-50. Defendant was not granted the same relief because he did not appeal his sentence. The Sixth Circuit also denied any relief to Defendant based on his claim that Stone's testimony was improperly admitted. *Id.* at 846.

On remand, Stone received a sentence of twenty years. Defendant is currently serving a life sentence on the racketeering charges and concurrent, lesser sentences on the remaining offenses. On December 19, 2006, the Court denied Defendant's motion for a new trial. On April 7, 2008, the Court adopted the Report and Recommendation of the Magistrate Judge and denied Defendant's petition for relief under 28 U.S.C. § 2255.

Defendant filed a motion to reconsider the April 7, 2008, ruling. The Court ruled in its order dated August 3, 2009, that Defendant's motions were not timely filed. Defendant filed a motion to reconsider this ruling, based on the prisoner mailbox rule. In its January 21, 2010, Order, the Court found that the prison mailbox rule applied and that Defendant's original motion to reconsider was timely filed. The Court then considered that motion on the merits and held that Defendant had failed to demonstrate "exceptional circumstances" to warrant any judicial relief under a motion to reconsider. Defendant now asks the Court to reconsider its January 21, 2010, ruling.

The government argues that because Defendant has filed a notice of appeal based on the January 21, 2010, Order, this Court lacks jurisdiction to rule on this motion. However, an examination of the Notice of Appeal (Docket #479) reveals that Defendant is appealing the

December 19, 2006, Order denying his Rule 33 motion for a new trial, and the January 21, 2010, Order denying his motion to reconsider that Order. The January 21, 2010, Order addressed several motions Defendant had filed at that time. Because Defendant is appealing a portion of the January 21, 2010, Order that is unrelated to the denial of Defendant's petition for relief under 28 U.S.C. § 2255, the Court retains jurisdiction over the habeas claim and will consider Defendant's motion to reconsider at this time.[1]

**STANDARD**

Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

**DISCUSSION**

In its January 21, 2010, Order, the Court addressed Defendant's motion to reconsider the denial of his 28 U.S.C. § 2255 petition. The Court stated:

> Defendant offers the same arguments that were before the Magistrate Judge when he issued his report and recommendations. Defendant argues profusely that his attorneys should have raised *Booker* and *Blakely* so that he would be entitled to a

---

[1] A portion of Defendant's motion to reconsider addresses those issues which were raised as part of his motion to reconsider the denial of his Rule 33 motion for a new trial. The Court, therefore, will not address these arguments as Defendant is currently appealing that ruling.

3

> re-sentencing. However, as the Magistrate Judge noted in his opinion, raising a *Booker* argument would have been futile. Defendant has failed to present any new evidence or applicable new case law since his appeal. The Court finds that Defendant has failed to demonstrate "exceptional circumstances" to warrant any judicial relief under a motion to reconsider. Therefore, the motion is denied.

Memorandum Opinion, January 21, 2010, p. 10-11. Defendant now argues that the Court failed to consider "the merits of petitioner's sworn petition on the issue of his attorney's conduct."

Defendant again raises the same ineffective assistance of counsel arguments he raised in his original habeas petition, his objections to the Magistrate's Report and Recommendations, and his first motion to reconsider the denial of his habeas petition. Defendant argues that his attorney was ineffective for failing to include Stone's affidavits in the objections to the pre-sentence report and for failing to preserve a *Booker* argument on appeal. The Court has repeatedly found that Defendant has failed to meet the *Strickland* test for ineffective assistance of counsel. First, the Court has found that a *Booker* defense was not applicable to Defendant's case, and therefore defense counsel could not be considered ineffective for failure to raise a non-meritorious defense. In addition, the Court declined to address defense counsel's failure to submit favorable testimony from Stone. The Magistrate Judge's Report and Recommendations stated:

> In the underlying criminal case, the Sixth Circuit addressed and determined, among other issues, the existence of an enterprise; its effect on interstate commerce; the admissibility of surreptitious tape recordings of Stone's conversations both under the Confrontation Clause and the hearsay rules; and, as a subset of issues, the non-testimonial nature of the recordings, and the unavailability of Stone as a witness given the assertion of his Fifth Amendment privilege. Therefore, the following claims or issues asserted here by Johnson are not cognizable under § 2255 review: trial counsel's failure to submit favorable testimony from Stone, by affidavit or subpoena; objection to Stone's recorded conversations as uncorroborated hearsay; Stone's availability as a witness at trial; the admissibility of recordings under the Confrontation Clause; the testimonial nature of recordings; the absence of the enterprise's affect on interstate

4

commerce.

Report and Recommendations, March 4, 2008, p. 4-5.

Because Defendant's arguments have been previously addressed, Defendant's motion does not meet the burden necessary for the Court to grant a motion to reconsider under Federal Rule of Civil Procedure 60(b). Therefore, Defendant's motion must be denied.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Reconsider is DENIED.

An appropriate order shall issue.