UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:02CR-68-R

WILLIAM ANTHONY JOHNSON                              MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                          RESPONDENT/PLAINTIFF

## MEMORANDUM AND ORDER

This matter is before the Court on Movant/Defendant William Anthony Johnson's motion

(DN 499) under Fed. R. Civ. P. 60(b) seeking to vacate this Court's Judgment denying his 28

U.S.C. § 2255 motion and Order denying his previous motions for reconsideration and to vacate

the denial of his § 2255 motion.  The United States filed a response (DN 500), and the motion is

now ripe for review.

## I.

Johnson was prosecuted along with two co-defendants for various crimes stemming from

a criminal enterprise to commit arson and murder.  He was convicted by a jury of racketeering,

conspiracy to participate in a criminal enterprise involved in racketeering, uttering counterfeit

obligations, and theft or receipt of stolen mail matter.  He also pleaded guilty to three firearm

and ammunition-related counts.  Johnson appealed his conviction, and the Sixth Circuit affirmed.

*United States v. Johnson*, 440 F.3d 832 (6th Cir. 2006).  Johnson is currently serving a life

sentence on the racketeering charges and concurrent, lesser sentences on the remaining offenses.

The Court denied Johnson's § 2255 motion to vacate, set aside or correct his sentence on

April 7, 2008, adopting the Magistrate Judge's Report and Recommendation (DN 429).  The

Court denied Johnson's previous Fed. R. Civ. P. 60(b) motion to reconsider and motion to vacate the denial of his § 2255 motion on January 22, 2010.

Johnson filed the instant motion on July 19, 2012. *See Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  In the motion Johnson states the following:

> [T]he Court made a mistake in its earlier rulings.  The mistake centers around the Sixth Circuit's ruling on Johnson's direct appeal.  United States v. Johnson, 430 F.3d 383 (2005), as amended, 440 F.3d 832 (2006).  In that opinion, the appeals panel narrowed not only the time frame that the alleged Enterprise existed, but, also, the number of predicate acts committed by the Enterprise.

Johnson contends that his appellate counsel failed to recognize the significance of the Sixth Circuit's purported ruling and to petition to reduce the amount of restitution.  He also states that he is entitled to re-sentencing.  Johnson contends that he made this argument in his § 2255 petition but that the Court did not address his claims concerning ineffectiveness of his trial and appellate counsel in light of the Sixth Circuit's purported ruling.

In response, the United States points to the Sixth Circuit's January 25, 2012, unpublished opinion denying Johnson's appeal of this Court's denial of his motion for a new trial.  In that opinion, the Sixth Circuit stated as follows:

> Johnson argued that our amended opinion 'restricted the enterprise's existence to a period of five months,' from April 1999 to September 1999, although the indictment alleged that the conspiracy lasted from February 1998 to September 2000.  Johnson argued that our opinion constructively amended the indictment and that the five-month time period was insufficient to establish a RICO conspiracy.
>
> . . .

2

> [O]ur amended opinion did not constructively amend the indictment and effectively reduce the existence of the enterprise to a time period that was too short to establish a RICO conspiracy. Our opinion found sufficient evidence to support the jury verdicts convicting both [co-Defendant] Stone and Johnson of the RICO violations. Even if this 'evidence' is newly discovered, it does not support an acquittal and does not warrant a new trial.

*United States v. Johnson*, No. 09-6024, slip op. at 3-5 (6th Cir. Jan. 25, 2012). The United States also argues that the instant Rule 60(b) motion was not filed within a "a reasonable time" as required by Fed. R. Civ. P. 60(c)(1); that the Court denied Johnson's § 2255 motion based on all of the issues raised; and that Johnson fails to show "extraordinary circumstances," which is required for granting relief under Fed. R. Civ. P. 60(b)(6).

## II.

Rule 60(b) of the Federal Rules of Civil Procedure permits a district court to grant a motion for relief from a judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (quoting *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)).

A Rule 60(b) motion must be made within a reasonable time, and for reasons (1)-(3) not more than one year after the judgment, order, or proceeding was entered. Fed. R. Civ. P. 60(c)(1). Rule 60(b)(6) gives the Court broad authority to grant relief if justice requires;

however, it can only do so in exceptional or extraordinary circumstances not addressed by the first five clauses of the rule. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988); *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991).

 Johnson cites both Rule 60(b)(1) and 60(b)(6). However, as Johnson cites Rule 60(b)(1) and seeks relief based on a "mistake" made by the Court, only Rule 60(b)(1) applies. *See McDowell v. Dynamics Corp. of Am.*, 931 F.2d at 383 (Sixth Circuit "adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."). As such, Johnson's motion fails because it was not brought within one year after the April 7, 2008, Judgment denying his § 2255 motion or the January 22, 2010, Order denying his motions for reconsideration and to vacate the denial of his § 2255 motion. *See* Fed. R. Civ. P. 60(c)(1).

 Even if Johnson were proceeding under Rule 60(b)(6), however, the motion was not filed within a "reasonable time" as Johnson states that his motion "centers around" purported statements by the Sixth Circuit in its 2006 opinion denying his direct appeal. He states that he raised the issue in his § 2255 motion. Therefore, it was not reasonable for Johnson to wait over four years from the denial of his § 2255 motion to raise the issue in the instant motion.

 Finally, even if the Court ruled on the merits of Johnson's motion, the Sixth Circuit specifically rejected this argument in its January 25, 2012, opinion denying Johnson's appeal of this Court's denial of his motion for a new trial. *See United States v. Johnson*, No. 09-6024, slip op. at 3-5 (6th Cir. Jan. 25, 2012).

For the foregoing reasons, **IT IS ORDERED** that the instant motion (DN 499) is

**DENIED**.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record
4413.010