**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**Case No. 3:02-cr-00068-TBR**

UNITED STATES OF AMERICA                                          PLAINTIFF

v.

WILLIAM ANTHONY JOHNSON                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant William Johnson's ("Johnson") *pro se* Motion for Compassionate Release. [DN 589]. Johnson subsequently filed two supplements. [DNs 592 and 594]. The government has responded. [DN 595]. The government also filed a Motion for Leave to File Sealed Document. [DN 596]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Johnson's Motion for Compassionate Release [DN 589] is **DENIED**. The government's Motion for Leave to File Sealed Document [DN 596] is **GRANTED**.

**I. Background**

Johnson was prosecuted along with two co-defendants for various crimes stemming from a criminal enterprise to commit arson and murder. He was convicted by a jury of racketeering, conspiracy to participate in a criminal enterprise involved in racketeering, uttering counterfeit obligations, and theft or receipt of stolen mail matter. He also pleaded guilty to three firearm and ammunition-related counts. Johnson appealed his conviction, and the Sixth Circuit affirmed. *United States v. Johnson*, 440 F.3d 832 (6th Cir. 2006). Johnson is currently serving a life sentence on the racketeering charges and concurrent, lesser sentences on the remaining offenses.

## II. Legal Standard

"The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court must proceed through three steps of analysis. *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). At step one, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). In step two, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)). Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and

compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B1.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). The application notes to § 1B1.13 provide that extraordinary and compelling reasons for a reduction in terms of imprisonment include certain medical conditions, age of the defendant, family circumstances, and other reasons as determined by the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1. Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.*

After considering whether extraordinary and compelling reasons warrant a sentence reduction the district court proceeds to the final step of the analysis. If a reduction is warranted the court is to consider whether that reduction is defensible under the circumstances of the case by considering any relevant factors of 18 U.S.C. § 3553(a). *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

### III. Discussion

#### A. Exhaustion of Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, 425 F.Supp.3d 573, 577 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *Marshall,* 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, on November 5, 2020, Johnson filed a request for compassionate release with the warden. [DN 595-1 at PageID 3976]. The warden denied that request on November 20, 2020. [*Id.* at PageID 3975]. Johnson filed his motion on December 29, 2020. Therefore, he has exhausted his administrative remedies.

#### B. Extraordinary and Compelling Reasons.

Johnson filed a prior Motion for Compassionate Release. [DN 575]. This Court denied that motion. [DN 587]. In the Court's Opinion, it found that Johnson suffered from conditions that place him at a greater risk for Covid-19 but FCI Gilmer's response to the virus was adequate and Johnson was receiving appropriate medical care. [*Id.*] Johnson again argues he is not receiving

4

appropriate medical care for an irregular heartbeat allegedly developed during the pandemic. However, Johnson's medical records show he was seen as recently as February 10, 2021 by an outside physician for his heart issues. [DN 597-1 at PageID 3989]. Johnson was also seen on February 3, 2021 to address his macular degeneration. [*Id.* at PageID 3995]. Johnson has been seen routinely by physicians to address all of his medical conditions. There is no indication that Johnson's care has been subpar.

Further, FCI Gilmer still is not experiencing an outbreak. There are currently two positive inmates, and five positive staff members. "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release". *United States v. Raia,* 954 F.3d 594, 597 (3d. Cir. 2020). The fact that the virus is present in Gilmer is not enough to warrant release.

Finally, Johnson informed this Court, and his medical records confirm, that he received the first dose of the Pfizer vaccine on January 22, 2021. [*Id.* at PageID 4029]. Johnson received the second dose of the vaccine on February 9, 2021. [*Id.* at 3994]. The Centers for Disease Control ("CDC") found the Pfizer vaccine "reduced symptomatic COVID-19 in ninety-five percent of cases.[1] The CDC also found the vaccine was one hundred percent effective against hospitalization and severe illness from Covid-19.[2] Johnson's vaccination minimizes any increased risk he faced due to his medical conditions. *See United States v. Smith,* 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("Accordingly, absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is

---

[1] Grading of Recommendations, Assessment, Development, and Evaluation, https://www.cdc.gov/vaccines/acip/recs/grade/covid-19-pfizer-biontech-vaccine.html#results (last accessed March 1, 2021).
[2] *Id.*

'extraordinary and compelling' for purposes of § 3582(c)(1)(A).") Therefore, Johnson has not shown extraordinary and compelling reasons.

Johnson spends a portion of his motion arguing the conditions of his confinement violate the Eighth Amendment. The Court agrees with the government that his Motion for Compassionate Release is not the proper forum to argue these claims.

## C.  Johnson's Sentence

Johnson, again, argues the Court improperly sentenced him to life imprisonment. This Court has considered this argument numerous times. In the previous Opinion, the Court stated,

> Johnson mainly relies on *Booker* to support his motion for compassionate release. Johnson rehashes the arguments he has made through multiple appeals and motions for reconsideration. [*See* DNs 377, 401, 411, 426, 451, 464, 465, 466, 504, 544, 548]. This Court has denied Johnson the relief he seeks each time. The Court has already held Johnson is not entitled to relief under *Booker*. Therefore, this motion must be denied.

[DN 587 at 6]. He rehashes this argument in the present motion. The Court has given consideration to Johnson's argument on multiple occasions and has found no merit. That determination has not changed. Johnson has not presented any new argument. Therefore, his sentence was not improper, and he is not entitled to release.

## D.  §3553(a) Factors

In the Court's prior Opinion, it stated,

> Johnson was found guilty of participation in a criminal enterprise involved in racketeering, conspiracy to participate in a criminal enterprise involved in racketeering, uttering counterfeit obligations, and theft or receipt of stolen mail matter. He also pleaded guilty to three counts of unlawful transport of firearms. Through this enterprise, Johnson committed several acts of arson and murdered an individual.
>
> …
>
> Granting Johnson compassionate release would not comply with the § 3553 factors. Although Johnson has served several years, releasing him from custody would not

6

> reflect the seriousness of these crimes. The Court also does not find the public would be adequately protected upon release of Johnson. Therefore, his motion must be denied.

Johnson has not presented any evidence that would change the Court's determination. Johnson committed serious crimes through this criminal enterprise that resulted in death. Johnson committed these crimes at a later stage of life. He argues he is statistically unlikely to reoffend due to his age. While statistics may show older individuals are less likely to reoffend, Johnson's specific history and characteristics negate that finding. Johnson has provided no evidence to assure the Court that the public would be adequately protected despite his release. Therefore, the Court still finds that Johnson's release does not comply with the § 3553(a) sentencing factors.

## IV. Conclusion

The government requests this Court inform Johnson that this is the Court's "final determination" on the *Booker* issue. In *United States v. Davis,* the Court stated, "Davis has filed three motions for compassionate release. The Court's ruling denying these two motions for compassionate release is the Court's final determination on this issue. If, in the future and based on changed circumstances, Davis would like to file another motion for compassionate release, he may do so after he restarts the process." No. 3:17-cr-00107-RGJ, ECF DN 105 at 6 (W.D. Ky. Oct. 22, 2020). The Court has issued its final determination that Johnson is not entitled to relief under *Booker*. Further, this is the Court's final Opinion on Johnson's request for compassionate release unless there are changed circumstances. For the above stated reasons, **IT IS HEREBY ORDERED** that Johnson's Motion for Compassionate Release [DN 589] is **DENIED**. The government's Motion for Leave to File Sealed Document [DN 596] is **GRANTED**.

   **IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 8, 2021

cc: William Johnson
     05230-033
     GILMER
     Inmate Mail/Parcels
     P.O. Box 6000
     Glenville, WV 26351
     PRO SE