IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| WILLIAM ANTHONY JOHNSON. | ) Case No. 3:02-cr-00068 (TBR) |
| | ) |
| | ) |
| | ) |
| | ) |

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

This matter comes before the Court upon Defendant William Anthony Johnson's *pro se* Motion for Reconsideration, Mot. for Reconsideration, Dkt. 599, of the Court's denial of his motion for compassionate release, Order, Dkt. 598. Johnson has also filed a Motion for Extension, Mot. for Extension, Dkt. 600, with regard to his notice of appeal. The Government has responded, Resp., Dkt. 602. Johnson has replied, Reply, Dkt. 607, and filed supplementary information, Suppl., Dkt. 608. As such, this matter is ripe for adjudication. For the reasons stated herein, Johnson's Motion for Reconsideration, Dkt. 599, is **DENIED**, and Johnson's Motion for Extension, Dkt. 600 is **GRANTED**.

    **I.**    **MOTION FOR RECONSIDERATION**

On June 1, 2020, Johnson filed a motion for compassionate release, Dkt. 575, which the Court denied, Dkt. 587. On December 29, 2020, Johnson filed another motion for compassionate release, Dkt. 589, which the Court also denied, Order. Johnson now argues that (1) "this Court has never considered the merits of [his] *Booker*[] argument," Mot. for Reconsideration at 2–11; (2) "the Court's reliance on the factors in § 1B1.13 of the Guidelines is

1

inconsistent with Sixth Circuit jurisprudence," *see id.* at 12–13; (3) "it is fundamentally unfair to use the § 3553(a) factors as a basis for denying a sentence reduction," *see id.* at 14–16; (4) his "post-sentencing conduct provides the most up-to-date picture of his history and characteristics," *see id.* at 17–22; and (5) "other courts have granted compassionate release that involved crimes more serious than his," *see id.* at 23–27.

"A motion for reconsideration is not a vehicle to re-hash old arguments. . . . " *King v. Rehnquist*, No. 02-74400, 2016 WL 1391946, at *1 (E.D. Mich. Apr. 7, 2016) (*citing Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Other courts in this district have stated that they "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." *United States v. Jones*, No. 01-80571, 2021 WL 822493, at *1 (E.D. Mich. Mar. 4, 2021).

The Court has denied each of Johnson's prior motions for compassionate release, which were premised on the same arguments that Johnson makes today. First, with regard to *Booker*, Johnson has rehashed the same arguments in thirteen different motions, *see* Dkt. 377, 401, 411, 426, 451, 464, 465, 466, 504, 544, 548, 575, 589. Most recently, the Court stated that it "has issued its final determination that Johnson is not entitled to relief under *Booker*." Order at 8. *Booker*, therefore, is not a valid basis for reconsideration.

Second, with regard to § 1B1.13, the Court acknowledged that the policy statement is not binding; rather the Court, in its discretion, used the policy statement "as a useful starting point to determine whether extraordinary and compelling reasons exist." Order at 3 (*citing United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020)). The Court's prior opinions used § 1B1.13 for the same purposes. *See* Dkt. 587. Thus, the Court concludes that Johnson's § 1B1.13 arguments do not warrant reconsideration.

Third, with regard to § 3553(a), the Court has previously outlined, multiple times, why the sentencing factors do not favor reducing Johnson's sentence. Order at 6–7. For example, in distinguishing Johnson's case from *Cantu*, a case cited in one of Johnson's motion, the Court stated:

> Here, Johnson's circumstances differ substantially. First, the government does oppose the present motion. Second, Johnson was found to commit several arsons and a murder through this enterprise. Unlike Cantu, Johnson has a violent history. Finally, Cantu was still going to serve his sentence on home confinement. Johnson asks to be released from custody completely.
>
> Granting Johnson compassionate release would not comply with the § 3553 factors. Although Johnson has served several years, releasing him from custody would not reflect the seriousness of these crimes. The Court also does not find the public would be adequately protected upon release of Johnson. Therefore, his motion must be denied

Thus, § 3553(a) is not a valid basis for reconsideration either.

Fourth, with regard to Johnson's post-sentencing conduct, the Court has already considered this information. In weighing the § 3553(a) factors, the Court previously considered "the history and characteristics of the defendant." *See* § 3553(a)(1). And in its most recent opinion, the Court delineated that "Johnson's specific history and characteristics negate" a finding that he is "unlikely to reoffend." Order at 7. Hence, Johnson's arguments here do not warrant reconsideration.

Fifth, with regard to Johnson's argument about equity among sentencing, the Court has already considered this information. In weighing the § 3553(a) factors, the Court considered "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* § 3553(a)(1). And again, the Court concluded that "[g]ranting Johnson compassionate release would not comply with the § 3553 factors." Dkt. 587. Once more, Johnson does not allege a proper basis for reconsideration.

The Court's prior opinions denying Johnson's motions for compassionate release provide a thorough enough explanation for the basis of its decision. Johnson's motion for reconsideration "merely presents the same issues that the Court already ruled on, either expressly or by reasonable implication." *United States v. Jones*, 2021 WL 822493, at *2.

For these reasons, Johnson's motion for reconsideration, Dkt. 599, is denied. The Court reiterates that Johnson can bring another motion for compassionate release should *new* circumstances arise.

## II.     MOTION FOR EXTENSION

Johnson also filed a motion asking for additional time to file a notice of appeal. In a criminal case, the defendant must file the notice of appeal in the district court no later than fourteen days after the challenged order is entered. Fed. R. App. P. 4(b)(1)(A). A § 3582(c) motion is considered to be a continuation of the criminal proceedings, and, accordingly, the fourteen-day period for filing a notice of appeal applies. *See United States v. Brown*, 817 F.3d 486, 488 (6th Cir. 2016). Rule 4(b)(4) authorizes the district court, upon a motion, to extend the time in which a party may appeal for up to thirty days from the end of the fourteen-day appeal period provided in Rule 4(b)(1)(A). However, the court must find "good cause" or "excusable neglect" for the failure to timely file a notice of appeal. *United States v. Fata*, No. 20-1762, 2020 WL 6054786, at *1 (6th Cir. Oct. 8, 2020).

Here, the Court entered its order denying the motion for compassionate release on March 8, 2020. The fourteen-day deadline for filing a notice of appeal as to that order expired on March 22, 2020. Johnson did not file a notice of appeal in that time frame. Two days after that deadline expired, Johnson filed a motion for reconsideration. The Court interprets Johnson's motion for reconsideration as a notice of appeal. Other courts have followed this same approach

4

and liberally construed motions for reconsideration as notices of appeal. *See, e.g.*, *United States v. Bryant*, No. CR 497-182, 2020 WL 421186, at *2 (S.D. Ga. Jan. 27, 2020). Even though Johnson filed the motion for reconsideration two days late, the Court finds that such a short time frame constitutes "excusable neglect." Thus, the Court grants Johnson's motion for additional time to file a notice of appeal. As requested, the Court gives Johnson fourteen days to file his official notice of appeal, starting from the date of this denial for reconsideration of his compassionate release. *See* Mot. for Extension at 1.

### III. CONCLUSION

For the reasons stated above, Johnson's Motion for Reconsideration, Dkt. 599, is **DENIED**, and Johnson's Motion for Extension, Dkt. 600 is **GRANTED**.

**IT IS SO ORDERED**

Thomas B. Russell, Senior Judge
United States District Court

September 22, 2021

cc: William Anthony Johnson
05230-033
Gilmer Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 6000
Glenville, WV 26351
PRO SE